DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

MAUREEN C. BESSETTE (CABN 165775)
Assistant United States Attorney

   1301 Clay Street, Suite 340S
   Oakland, California 94612
   Telephone: (510) 637-3680
   Fax: (510) 637-3724
   Email: Maureen.Bessette@usdoj.gov

Attorneys for United States of America

FILED
Jan 04 2021
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE:<br><br>REQUEST FROM VIETNAM, | CR 4:21-xr-90002-KAW<br><br>Memorandum of Points and Authorities in Support of Application for Appointment of Commissioners to Execute Foreign Legal Assistance Request |

## INTRODUCTION

The United States is seeking an Order appointing Assistant United States Attorney Maureen C. Bessette to be Commissioner to collect evidence requested by Vietnam ("the Request") and to seek other Orders, as needed, to execute the Request, as authorized by 18 U.S.C. § 3512.[1]

   A.   <u>Request for Production of Criminal Evidence Located in the NDCA</u>

On May 29, 2019, the Central Authority of Vietnam, the People's Procuracy, submitted the Request for assistance. The Request stated that the Ministry of Public Security, Investigation Police

---

[1] The United States does not have a Mutual Legal Assistance Treaty with Vietnam but hereby seeks to respond to Vietnam's request pursuant to the principle of reciprocity.

MEMO OF POINTS AND AUTHORITIES

1

Agency, requests legal assistance from the U.S. Department of Justice, Office of International Affairs, in its criminal investigation into fraud, in violation of Vietnam Penal Code, Article 174 (obtaining property by fraud).  The facts are as follows:

On October 7, 2009, the People's Committee of Phu Yen Province of the Socialist Republic of Vietnam ("People's Committee") issued an investment certificate to the Galileo Investment Group, Inc., headquartered at 4590 MacArthur 620, Newport Beach, CA  92666.

The Galileo Investment Group Vietnam One-member Limited Liability Company ("Galileo Vietnam Company") was registered for business at Cendeluxe Hotel, 02 Hai Duong Street, Binh Ngoc Commune, Tuy Hoa City.  Its purpose was to implement the Creative City Project in South Tuy Hoa, Phu Yen Province, Vietnam.  Stephen Whittier Klenk ("Klenk"), a U.S. citizen in Irvine, CA, was its General Director and legal representative.  Nguyen Duc Tan ("Tan") was its Chief Financial Officer.

On March 17, 2020, the Hanh Van Company in Vietnam and the Phuoc Thinh Construction Investment Joint Stock Company ("Phuoc Thinh Company") in Vietnam signed an agreement ("the Agreement") with Le Thach Cam ("Cam"), the Project Director of Galileo Vietnam Company, to build $60 million of infrastructure at the Creative City Project ("the Project").  The Agreement required Hanh Van Company and Phuoc Thinh Company to pay a bond of $600,000.

Hanh Van Company and Huynh Chau Construction Investment Joint Stock Company made a payment of 6,838,000,000 VND (approximately $358,000) as follows:

- On March 19, 2010, Hanh Van Company paid 6,838,000,000 VND (approximately $180,000) to Galileo Vietnam Company's account at Standard Chartered Bank in Ho Chi Minh City ("Galileo's Bank Account");
- On September 6, 2010, Phan Quang Son gave 500,000,000 VND (approximately $26,178) directly to Le Thack Cam ("Cam");
- On April 19, 2010, Huynh Chau Company transferred 900,000,000 VND (approximately $47,120) to Galileo's Bank Account;

MEMO OF POINTS AND AUTHORITIES

2

- On May 20, 2010, Huynh Chau Company transferred 2,000,000,000 VND (approximately $105,000) to Galileo's Bank Account.

The parties agreed that if Galileo Vietnam Company did not successfully implement the Project, then they would refund the bond. If the work was completed successfully, then the bond would be refunded to the contractor at the end of the project.

Vietnamese authorities learned that Klenk, Tan, and Cam used 6,838,000,000 VND of the money designated for the Project.

On March 11, 2011, the People's Committee revoked the implementation of the Project previously issued to Galileo Vietnam Company because it had not made a deposit of 151 billion VND as required by the amended Investment Certificate dated August 16, 2010. Cam fled to the United States and did not make the deposit as he agreed. Authorities believe he is living in Irvine, California.

Vietnamese authorities ask the United States to obtain documents, records, and testimony regarding the above matters, including about the Galileo Investment Group, Inc., located at 4590 MacArthur Blvd, Suite 620, in Newport Beach, CA 92666, its shareholders, and positions and responsibilities held by Klenk, Tank, and Cam.

Although there is no treaty with Vietnam obligating the United States to assist in responding to the Request, the United States does so as a matter of reciprocity. The undersigned seeks to be appointed Commissioner by this Court pursuant to 18 U.S.C. § 3512, in order to issue and serve Commissioner Subpoenas on the above entities to obtain the requested information.

B.  <u>Authority to Grant the Request for Assistance Under Applicable Law</u>

Pursuant to applicable statutory authority and its inherent authority, federal courts may issue orders as necessary for the production of evidence requested by foreign countries, including issuing orders appointing a person to act as a Commissioner to gather such evidence. *See* 18 U.S.C. § 3512.

When executing a treaty or non-treaty request for assistance from a foreign authority, an attorney for the government may file an application to obtain any requisite court orders under 18 U.S.C. § 3512.

This section authorizes a federal court to issue such orders and provides in pertinent part:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an Attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.
>
> \* \* \*
>
> [A]n application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia.
>
> \* \* \*
>
> The term "foreign authority" means a foreign judicial authority, a foreign authority responsible for the investigation or prosecution of criminal offenses or for proceedings related to the prosecution of criminal offenses, or an authority designated as a competent authority or central authority for the purpose of making requests for assistance pursuant to an agreement or treaty with the United States regarding assistance in criminal matters.

18 U.S.C. § 3512(a)(1), (c)(3), (h)(2).

Congress enacted this section to make it "easier for the United States to respond to [foreign] requests by allowing them to be centralized and by putting the process for handling them within a clear statutory scheme." 155 Cong. Rec. 6,810 (2009) (statement of Sen. Whitehouse); Foreign Evidence Request Efficiency Act of 2009, Pub. L. No. 111-79, 123 Stat. 2086.[2] This section provides clear authority for the federal courts, upon application duly authorized by an appropriate official of the Department of Justice, to issue orders that are necessary to execute a foreign request.

---

[2] Prior to the enactment of 18 U.S.C. § 3512, the United States routinely utilized the procedures authorized by 28 U.S.C. § 1782 (the "commissioner" process) to execute requests from foreign authorities. *See In re Request from the United Kingdom*, 685 F.3d 1, 11 (1st Cir. 2012) (18 U.S.C. § 3512 provides a more streamlined process than 28 U.S.C. § 1782, the statute under which foreign requests were executed prior to enactment of section 3512); *see also Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247-49 (2004) (describing history of Section 1782). When enacting Section 3512, Congress anticipated that improved U.S. handling of foreign requests would ensure reciprocity in response to U.S. requests for assistance in its criminal investigations. *See, e.g.*, 155 Cong. Rec. 10,093 (2009) (statement of Rep. Schiff).

MEMO OF POINTS AND AUTHORITIES

An application is duly authorized by an appropriate U.S. Department of Justice official when the Office of International Affairs[3] has reviewed and authorized the request, and executes the request itself or delegates execution to another attorney for the government.[4] Upon such a duly authorized application, Section 3512 authorizes a federal judge[5] to issue "such orders as may be necessary to execute [the] request," including: (1) search warrants under Fed. R. Crim. P. 41; (2) orders for electronic records under 18 U.S.C. § 2703; (3) orders for pen registers or trap and trace devices under 18 U.S.C. § 3123; and (4) orders appointing a person to direct the taking of testimony or statements and/or the production of documents or other things. *See* 18 U.S.C. § 3512(a)(1)--(b)(1). In addition, a federal judge may order any necessary procedures to facilitate the execution of the request, including any procedures requested by the foreign authority to facilitate its use of the evidence. 18 U.S.C. § 3512(a)(1).

Section 3512 also authorizes any person appointed to direct the taking of testimony or statements and/or the production of documents. The appointed person has authority to: (1) issue an order requiring a person to appear and/or produce documents or other things; (2) administer any necessary oaths; and (3) take testimony or statements and receive documents or other things. 18 U.S.C. § 3512(b)(2). In ordering a person to appear and/or produce documents or other things, the person appointed, commonly referred to as the "commissioner," typically uses a subpoena entitled "Commissioner's Subpoena." Any such subpoena may be served or executed anywhere in the United States. 18 U.S.C. § 3512(f). A sample "Commissioner's Subpoena" is included as Attachment A.

C. <u>The present request qualifies for assistance pursuant to applicable statutory authority</u>

---

[3] The Attorney General, through regulations and Department of Justice directives, delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters. *See* 28 C.F.R. 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

[4] "Section 3512 can be invoked only when authorized by OIA. . . Such authorization occurs when an attorney for the government, or his or her office, receives the referral of the request for execution from OIA." Memorandum from the Deputy Attorney General to Department of Justice Components (May 16, 2011) (on file with the Office of International Affairs).

[5] The term "federal judge" includes a magistrate judge. *See* 18 U.S.C. § 3512(h)(1); Fed. R. Crim. P. 1(b)(3)(B) (including a magistrate judge in the definition of federal judge).

MEMO OF POINTS AND AUTHORITIES

The Office of International Affairs has reviewed and authorized the Request, and is executing the Request itself. Consequently, this application for an Order appointing the undersigned attorney as a commissioner to collect evidence and to take such other action as is necessary to execute the Request has been "duly authorized" within the meaning of Section 3512. In addition, the Request was submitted by an appropriate "foreign authority," the designated Central Authority in Vietnam, and seeks assistance in this investigation involving fraud, in violation of Article 174 of the Vietnam Penal Code, a criminal offense in Vietnam. The requested Order is necessary to execute the Request, and the assistance requested falls squarely within that contemplated by Section 3512 and the Treaty. Finally, this application filed in the Northern District of California where the evidence lies.

This application is being made *ex parte*, consistent with U.S. practice in its domestic criminal matters.

When executing a foreign request for assistance in a criminal matter, Section 3512 authorizes the use of compulsory process comparable to that used in domestic criminal investigations and/or prosecutions. Because subpoenas utilized in U.S. criminal proceedings (*i.e.*, grand jury and criminal trial subpoenas) are issued without notice to any person other than the recipient (*i.e.*, no notice to targets or defendants), orders and commissioner subpoenas issued in execution of a foreign request pursuant to Section 3512 likewise should require no notice other than to the recipients. This is true even if the Requesting state seeks financial records, because the Right to Financial Privacy Act, 12 U.S.C. §§ 3401 et seq., including its notice provisions, does not apply to the execution of foreign requests for legal assistance. *Young v. U.S. Dept. of Justice*, 882 F.2d 633, 639 (2d Cir. 1989), cert. denied, 493 U.S. 1072 (1990); *In re Letters of Request from the Supreme Court of Hong Kong*, 821 F. Supp. 204, 211 (S.D.N.Y. 1993); *In re Letter of Request for Judicial Assistance from the Tribunal Civil de Port-Au-*

MEMO OF POINTS AND AUTHORITIES

*Prince, Republic of Haiti*, 669 F. Supp. 403, 407 (S.D. Fla. 1987).  Accordingly, this Court should authorize a commissioner to collect the evidence requested without notice to any person other than the recipient(s) of any given commissioner subpoena.

Therefore, the United States respectfully requests that this Court issue the attached Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned Assistant U.S. Attorney Maureen C. Bessette as Commissioner, authorizing the undersigned to take the actions necessary, including the issuance of commissioner's subpoenas, as needed, to collect the evidence necessary to execute any pending request for assistance and any subsequent supplemental requests in connection with the same matter, to do so in a manner consistent with the intended use of the evidence.

## CONCLUSION

Accordingly, the government respectfully requests that this Application be granted and that the accompanying Order Appointing the Commissioner be issued.

DATED:  December 16, 2020 

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

*Maureen C. Bessette*
MAUREEN C. BESSETTE
Assistant United States Attorney

MEMO OF POINTS AND AUTHORITIES

# ATTACHMENT A

COMMISSIONER'S SUBPOENA FOR TESTIMONY AND DUCUS TECUM

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION
CASE NO.

ISSUED TO: _____

I, Commissioner Maureen C. Bessette, Assistant United States Attorney for the Northern District of California, acting under authority of Title 18, United States Code, Section 3512, as well as a Commission from a Federal Judge, for the purpose of rendering assistance to Vietnam, command that you appear before Commissioner Bessette at the United States Attorney's Office, on \_\_\_\_\_, at \_\_\_ a.m., for inquiry in the Request from Vietnam, involving obtaining property by fraud, in violation of Article 174, Vietnam Penal Code.

Please provide AUSA Bessette with the following documents and records to Commissioner Bessette via email to Maureen.Bessette@usdoj.gov:

(1) All documents and records involving _____, including:

- \_\_\_\_\_
- \_\_\_\_\_

(2) Any communications between \_\_\_ and \_\_\_ regarding \_\_\_\_.

For failure to attend and provide testimony and/or said records, or for disclosure of the existence of the subpoena, you may be deemed guilty of contempt and liable to penalties under the law.

DATE:  December \_\_, 2020

*Maureen C. Bessette*
Maureen C. Bessette
Appointed Commissioner
U.S. Attorney's Office, Northern District of California
Telephone: 415.912.6404

COMMISSIONER'S SUBPOENA

Issued under authority of an Order of the United States District Court
For the Northern District of California
Title 18, United States Code, Section 3512

RETURN OF SERVICE                              UNITED STATES OF AMERICA
                                               DEPARTMENT OF JUSTICE

I, being a person over 18 years of age, hereby certify that a copy of this subpoena was duly served on the person named herein by means of:

Personal delivery to an individual, to wit:

(Name) _____

(Title) _____

(Address) _____

personal delivery to an address, to wit:

(Description of premises) _____

(Address) _____

registered or certified mailing to:

(Name) _____

(Address) _____

( ) a.m., at _____ ( ) p.m. on _____

(SIGNATURE) _____

(TITLE) _____

(DATE) _____

Upon contumacy or refusal to obey, this subpoena shall be enforceable by order of the United States District Court.